UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

IRMON C. WILLIAMS #317017,

                Plaintiff,                          Case No. 2:09-cv-177

v.                                               Honorable Gordon J. Quist

ZITA WISE, et al.,

                Defendants.

_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's retaliation and equal protection claims for failure to state a claim. The Court will serve the complaint against the named Defendants with regard to Plaintiff's Eighth Amendment claim.

## Discussion

### I.    Factual allegations

Plaintiff Irmon C. Williams #317017, an inmate at the Baraga Maximum Correctional Facility (AMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Zita Wise, R.N., Captain Penny Chapel, Kenneth Codere, R.N., Sergeant Robert Hockings, Ann Morin, R.N., Assistant Resident Unit Supervisor Dennis Gerard, Corrections Officer Unknown Loonsfoot, Corrections Officer Unknown Klemett, Resident Unit Officer Rick Vanalstink, Resident Unit Officer Unknown Jacobson, Corrections Officer Unknown Bouchard, and Shift Commander John Doe.

Plaintiff alleges in his complaint that he is a chronic asthmatic and has suffered from numerous near fatal attacks, has endured long hospitalizations, has been intubated, and has been prescribed a variety of medications for his condition. Plaintiff has been incarcerated within the MDOC since July 2, 2002, and was transferred to AMF in May of 2006. In March of 2007, Plaintiff suffered an asthma attack due to environment tobacco smoke (ETS), "compounded with the gas and a chemical agent that had been previously used on another prisoner inside the housing unit," which had been circulated via the central air vents. On April 26, 2007, Plaintiff was seen by Dr. Donn M. Dougherty, who granted Plaintiff a detail to be removed from the unit prior to usage of a chemical agent. On August 1, 2007, Defendants Loonsfoot, Klemett, and Codere used a chemical agent in the unit without first removing Plaintiff from the area, which resulted in Plaintiff suffering an asthma attack. Defendants Loonsfoot, Klemett, and Codere refused to obtain medical treatment for Plaintiff. In addition, Plaintiff claims that Defendants Chapel and Morin were indifferent to Plaintiff's medical needs.

On August 17, 2007, Plaintiff was denied a shower by Defendant Loonsfoot. On November 23, 2007, Plaintiff pressed the emergency call button because he was having trouble breathing, but no one responded. Plaintiff then stopped Defendant Hockings while he was doing rounds and sought medical assistance. Defendant Hockings told Plaintiff that his medical issues were not a part of the program, and advised Plaintiff to write a medical kite. Defendant Hockings indicated that staff was busy gassing another prisoner. Plaintiff told Defendant Hockings that he had a medical detail to be removed from the unit during usage of chemical agents, and Defendant Hockings responded by calling Plaintiff a "darkie" and disregarded his complaints. Plaintiff claims that Defendant John Doe ignored Plaintiff's medical detail and ordered use of a chemical agent in the unit without first having Plaintiff removed from the area.

On March 11, 2009, Plaintiff heard Defendant Vanalstink inform another prisoner that they were going to gas prisoner Bell. Plaintiff then told Defendant Vanalstink that he had a medical detail, but Defendant Vanalstink stated that nobody was going to be removed from the unit, and that if he had to breathe the "poison," then so did the prisoners, even the "special people." Plaintiff then complained to Defendant Bouchard, who told Plaintiff that he was busy and refused to call anyone to come get Plaintiff. Plaintiff subsequently suffered an asthma attack as the result of exposure to a chemical agent. Plaintiff claims that Defendants Jackson and Gerard ignored Plaintiff's medical detail and ordered use of a chemical agent in the unit without first having Plaintiff removed from the area.

Plaintiff states that it has been over three years since he arrived at AMF, and he has been denied prompt medical attention for his asthma attacks on three occasions. Plaintiff asserts that Defendants' conduct violated his rights under the First, Eighth and Fourteenth Amendments. Plaintiff seeks damages and equitable relief.

II.    Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that Defendant Loonsfoot improperly retaliated against Plaintiff for filing a grievance when he denied Plaintiff a shower on August 17, 2007. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

The filing of a prison grievance is constitutionally protected conduct for which a prisoner cannot be retaliated against. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001); *Hall v. Nusholtz*, No. 99-2442, 2000 WL 1679458, at *2 (6th Cir. Nov. 1, 2000); *Burton v. Rowley*, No. 00-1144, 2000 WL 1679463, at *2 (6th Cir. Nov. 1, 2000). The adverseness inquiry is an objective one, and does not depend on how a particular plaintiff reacted. The relevant question is whether the defendants' conduct is "*capable* of deterring a person of ordinary firmness;" the plaintiff need not show actual deterrence. *Bell v. Johnson*, 308 F.3d 594, 606 (6th Cir. 2002). In this case, Plaintiff asserts that he was denied a shower on one occasion in November of 2007. The court concludes that this conduct is not sufficiently adverse to deter a person of ordinary firmness from exercising his constitutional rights. Therefore, Plaintiff's retaliation claim against Defendant Loonsfoot is properly dismissed.

Plaintiff also claims that Defendants' conduct violated his right to equal protection. The Equal Protection Clause of the Fourteenth Amendment commands that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1. As the Sixth Circuit has explained, "to withstand Fourteenth Amendment scrutiny, statutes that do not interfere with fundamental rights or single out suspect classifications must bear only a rational relationship to a legitimate state interest." *Jackson v. Jamrog,* 411 F.3d 615, 618 (6th Cir. 2005) (quoting *Richland Bookmart, Inc. v. Nichols,* 278 F.3d 570, 574 (6th Cir. 2002)).

To prove his equal protection claim, Plaintiff must demonstrate "intentional and arbitrary discrimination" by the state; that is, he must demonstrate that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Plaintiff's allegations on this point are wholly conclusory. Plaintiff provides no specific factual allegations to support his contention that he was treated differently from similarly situated prisoners. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Lillard v. Shelby County Bd. of Educ.*, 76 F .3d 716, 726 (6th Cir.1996); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir.1986); *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir.1985); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000).

Finally, the court concludes that Plaintiff's Eighth Amendment claims are not clearly frivolous and may not be dismissed upon initial screening.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's retaliation and equal protection claims will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The

Court will serve the complaint against the named Defendants with regard to Plaintiff's Eighth

Amendment claims.

An Order consistent with this Opinion will be entered.


Dated:  January 8, 2010                                     /s/ Gordon J. Quist
                                                 GORDON J. QUIST
                                                 UNITED STATES DISTRICT JUDGE