UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

IRMON C. WILLIAMS,

        Plaintiff,

v.

ZITA WISE, *et al.*,

        Defendants.

                              /

Case No. 2:09-CV-177

Hon. Gordon J. Quist

# ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION

On February 10, 2011, Magistrate Judge Timothy P. Greeley issued a Report and Recommendation in which he recommended that Defendants' motion for summary judgment be granted in part and denied in part. Plaintiff claims that Defendants violated his Eighth Amendment rights by failing to comply with Plaintiff's special accommodation notice that staff remove him from his housing unit prior using chemical agents and by delaying his medical treatment after exposure to a chemical agent. The magistrate judge concluded that: (1) Defendant Hockings is not entitled to summary judgment because a question of fact remains as to whether Defendant Hockings violated Plaintiff's Eighth Amendment rights by not removing him from the unit before using a chemical agent; (2) Defendants VanAlstine, Jacobson, and Gerard are not entitled to summary judgment because an issue of fact remains as to whether they acted with deliberate indifference by failing to remove Plaintiff from the unit before using a chemical agent; (3) Defendant Chappell is entitled to summary judgment because she was not personally involved in the incidents giving rise to Plaintiff's claims; (4) Defendant Morin is entitled to summary judgment because she did not delay Plaintiff's medical treatment and thus was not deliberately indifferent to Plaintiff's request for health care; and (5) Defendants Hockings, Gerard, Jacobson, and VanAlstine are not entitled to qualified immunity.

Defendants VanAlstine, Jacobson, Gerard, and Hockings have filed Objections, arguing that Plaintiff has failed to establish a valid Eighth Amendment claim against them or, alternatively, that they are entitled to qualified immunity. Plaintiff has also filed an objection, in which he argues that Defendant Morin is not entitled to summary judgment because she was deliberately indifferent to Plaintiff's need for medical treatment by delaying treatment for nearly two hours.

After conducting a *de novo* review of the Report and Recommendation, the parties' Objections, and the pertinent portions of the record, the Court will adopt in part and reject in part the Report and Recommendation.

## I. Defendants' Objections

### *Defendants VanAlstine, Jacobson, and Gerard*

Defendants VanAlstine, Jacobson, and Gerard contend that the magistrate judge erred in concluding that an issue of fact remains as to whether they violated Plaintiff's Eighth Amendment rights on March 11, 2009, when they used a chemical agent without removing Plaintiff from the unit. Defendants contend that there is no basis to conclude that they were deliberately indifferent to Plaintiff's serious medical needs because they acted reasonably by consulting with the on-duty nurse, who advised them that the sub-zero temperatures outside actually posed more of a risk to Plaintiff than the minimal risk of exposure to the chemical agent. Defendants further note that they took precautions to minimize the risk to Plaintiff and other prisoners of being exposed to the chemical agent by closing barrier doors, turning off the air handlers, and activating the unit purge system to dissipate any agent remaining in the air after its use.

If the facts were different, such that Plaintiff did not have a special accommodation notice requiring his removal from the housing unit prior to the use of chemical agents or if it Defendants were not aware of the special accommodation notice, the Court would have little difficulty concluding that Defendants acted reasonably and were not deliberately indifferent. However, the

2

crucial fact in this case is that Plaintiff had a special accommodation notice issued by a doctor, who had presumably examined Plaintiff and was familiar with his medical history. The magistrate judge correctly noted that nothing in the special accommodation notice authorized a nurse or Defendants to make an independent judgment about whether the order should be followed. In this regard, Defendants' reliance on *Harrison v. Ash*, 539 F.3d 510 (6th Cir. 2008), is misplaced because in *Harrison*, the plaintiff did not have a special accommodation notice previously issued by a doctor and the court concluded that the corrections officers were entitled to rely on the CMS nurses in handling the plaintiff's medical care. *See id.* at 518. Here, Defendants acted contrary to the special accommodation notice. Moreover, Defendants' contention that Defendant Jacobson had personally observed that cold weather made Plaintiff's breathing worse is contradicted by Plaintiff's prior medical records, in which he related to health care staff that his breathing difficulties were exacerbated by warmer weather but improved with cooler weather.

Defendants also contend that they are entitled to qualified immunity. Given the existence of an issue of fact with regard to whether Defendants violated Plaintiff's Eighth Amendment rights by failing to remove him before using a chemical agent, the Court concurs with the magistrate judge that Defendants VanAlstine, Jacobson, and Gerard are not entitled to qualified immunity.

### *Defendant Hockings*

Defendant Hockings contends that he is entitled to summary judgment because he was not aware of Plaintiff's medical condition on November 23, 2007, and, like Defendants VanAlstine, Jacobson, and Gerard, he took precautionary measures to protect all prisoners from exposure to the chemical agent. Defendant Hockings further states that Plaintiff is unable to show an injury resulting from the use of a chemical agent on that day because there is no record showing that Plaintiff sought medical care for breathing problems.

As the magistrate judge correctly concluded, Plaintiff's affidavits create an issue of fact with regard to whether Defendant Hockings was aware of Plaintiff's condition. In addition, as noted

3

above, the fact that precautionary measures were taken is insufficient to warrant summary judgment in the face of Plaintiff's preexisting special accommodation notice requiring that he be removed when chemical agents are used. Finally, regarding the lack of medical records showing that Plaintiff sought treatment, Plaintiff claims that he was denied medical treatment after the incident. Therefore, Defendant Hockings is not entitled to summary judgment because genuine issues of material fact remain.

## II.     Plaintiff's Objections

Plaintiff objects to the magistrate judge's conclusion that Defendant Morin is entitled to summary judgment. The magistrate judge relied on Defendant Morin's affidavit in concluding that she could not have been the cause of any delay that Plaintiff experienced in obtaining medical care for his asthma attack. Although Plaintiff asked for medical care prior to 12:00 A.M. on August 2, 2007, Morin stated in her affidavit that she began her shift that night at 12:00 A.M. and was informed about Plaintiff's condition shortly thereafter. The magistrate judge further noted that Defendant Morin entered Plaintiff's unit at 12:20 A.M., Plaintiff was taken to Health Care Services at 12:35 A.M., and he was returned to his cell at 12:59 A.M. The magistrate judge thus concluded that because Defendant Morin visited Plaintiff promptly after she began her shift, she was not deliberately indifferent to Plaintiff's request for health care.

In his objections, Plaintiff points out that evidence in the record contradicts Defendant Morin's assertion that she did not report to work until 12:00 A.M. First, Plaintiff asserts that Defendant Morin was actually present in the facility before 12:00 A.M. because her shift began at 11:00 P.M. and concluded at 7:00 A.M. Plaintiff further notes that an entry in the log book shows that Defendant Morin entered the unit at 11:45 P.M. on August 1, left shortly thereafter, and returned to the unit at 12:10 A.M. and left at 12:16 A.M. before finally returning to visit Plaintiff at 12:20 A.M.

Although Plaintiff fails to cite any evidence in the record showing that Defendant Morin actually began her shift at 11:00 P.M., the log book appears to support his claim that Defendant Morin was on duty and in the unit prior to 12:00 A.M. Although not entirely legible, an entry appears to state "Health Services Nurse Morin in Unit" at 11:45 P.M. (Defs' Br. Supp. Mot. Summ. J. Ex. B.) This entry, if accurate, contradicts Defendant Morin's claim that she did not arrive for her shift until 12:00 A.M. and is sufficient to create a genuine issue of material fact as to whether Defendant Morin was deliberately indifferent to Plaintiff's request for medical attention by delaying treatment. Thus, the Court will reject this portion of the report and recommendation. Therefore,

**IT IS HEREBY ORDERED** that the Report and Recommendation of the Magistrate Judge filed January 31, 2011, is **ADOPTED IN PART AND REJECTED IN PART**. The Report and Recommendation is **adopted** with regard to the magistrate judge's conclusions that Defendants' motion be denied as to Defendants Hockings, Gerard, Jacobson, and VanAlstine and granted as to Defendant Chappell. The Report and Recommendation is **rejected** with regard to the recommendation that the motion be granted as to Defendant Morin.

**IT IS FURTHER ORDERED** that Defendants' Motion For Summary Judgment (docket no. 26) is **GRANTED IN PART AND DENIED IN PART**. The motion is **granted** with regard to Plaintiff's claim against Defendant Chappell and is **denied** in all other respects.

Dated: March 23, 2011                                           /s/ Gordon J. Quist
                                                                              GORDON J. QUIST
                                             UNITED STATES DISTRICT JUDGE